USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2115 UNITED STATES, Appellee, v. LINDA LAMBERT, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Gene Carter, U.S. District Judge] ___________________ ____________________ Before Boudin, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Lynch, Circuit Judge. _____________ ____________________ Philip P. Mancini and Cloutier & Briggs, P.A. on brief for ___________________ _________________________ appellant. Jay P. McCloskey, United States Attorney, George T. Dilworth, __________________ ___________________ Assistant U.S. Attorney, and Margaret D. McGaughey, Assistant U.S. ______________________ Attorney, on brief for appellee. ____________________ February 26, 1996 ____________________ Per Curiam. Appellant Linda Lambert appeals from __________ the district court's decision revoking her term of supervised release and sentencing her for violating a condition of her supervised release. Having concluded that the appeal presents no substantial question of law or fact, we hereby summarily affirm the court's decision under Local Rule 27.1. For the same reason, we deny her motion for release pending appeal. See 18 U.S.C. 3143(b)(1)(B).  ___ Lambert's primary contention on appeal is that the court did not explicitly consider, apply, or articulate the sentencing factors set forth in 18 U.S.C. 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(6). In this circuit, a sentencing court need not make explicit findings on statutory sentencing factors, as long as the record reveals that the court made implicit findings or otherwise evinced its consideration of the relevant factors. See, e.g., United States v. Savoie, ____ ____ ______________ ______ 985 F.2d 612, 618 (1st Cir. 1993) (restitution order). For the reasons persuasively stated in the government's brief, we have no doubt that the district court gave the requisite thought to all applicable statutory sentencing factors. Lambert's remaining contentions are also meritless. First, in sentencing Lambert, the court was required to consider applicable United States Sentencing Commission policy statements, including statements pertaining to supervised release violations. See 18 U.S.C.  ___ -2- 3553(a)(4)(B), (5). Second, as the revocation hearing transcript makes plain, the court had no punitive intent in revoking Lambert's term of supervised release and sentencing her as it did. Rather, it sought to devise the most effective means to ensure her rehabilitation from the drug abuse behind her crime of conviction.  Affirmed. See Loc. R. 27.1. ____________________________ -3-